UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
UNITED STATES OF AMERICA,　　　　　　　　　Civil Action No.  CV-12-0110

　　　　　　Plaintiff,
- against -　　　　　　　　　　　　　　　　　　**ANSWER**

ALBERT C. LINDAHL,

　　　　　　Defendant.
---------------------------------------------------X

　　　　Defendant, ALBERT C. LINDAHL, by his attorneys, Long, Tuminello, Besso, Seligman & Werner LLP, as and for his Answer to the Plaintiff's Complaint, sets forth as follows:

　　　　1.　　Jurisdiction over this action is conferred upon the district court in 28 U.S.C. §§ 1331, 1340 and 1345, and 26 U.S.C. § 7402(a).

**Response:**　　Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph marked or numbered "1" of Plaintiff's Complaint.

　　　　2.　　Albert C. Lindahl resides within the jurisdiction of this court.

**Response:**　　Admits the allegations contained in Paragraph marked or numbered "2" of Plaintiff's Complaint.

　　　　3.　　On August 9, 1999, pursuant to 26 U.S.C. § 6672(a), a delegate of the Secretary of the Treasury made an assessment of aa trust fund recovery penalty in the amount of $39,672.16 against Albert C. Lindahl with respect to the federal income and Federal Insurance Contributions Act ("FICA") taxes (collectively "employment taxes") withheld from

the wages of employees of C. Lindahl Carpentry Corporation, for the quarterly employment tax periods ending March 31, 1998 and June 30, 1998.

**Response:**   Denies knowledge or information to form a belief as to the allegations contained in Paragraph marked or numbered "3" in Plaintiff's Complaint as to the specific amounts admits the allegations contained in the remainder of the paragraph.

    4.    The statute of limitations for collection has not expired on this assessment because it was tolled during three periods of time when the IRS was considering offers from the defendant to compromise his liabilities.

**Response:**   Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph marked or numbered "4" of Plaintiff's Complaint.

    5.    Albert C. Lindahl was responsible for collecting, truthfully accounting for, or paying over the employment taxes of C. Lindahl Carpentry Corporation for the periods reflected in paragraph 8 above.

**Response:**   Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph marked or numbered "5" of Plaintiff's Complaint.

    6.    Albert C. Lindahl willfully failed to collect, truthfully account for, or pay over the employment taxes of C. Lindahl Carpentry Corporation for the periods reflected in paragraph 8, above.

**Response:**.   Denies the allegations contained in Paragraph marked or numbered "6" of Plaintiff's Complaint.

7.      A delegate of the Secretary of the Treasury gave notice of the assessment described in paragraph 8, above to Albert C. Lindahl, and made demand fro payment of the assessment on or about August 9, 1999.  Despite such notice and demand, Albert C. Lindahl has failed, neglected, or refused to pay in full.

**Response:**   Admits the allegations contained in Paragraph marked or numbered "7" of Plaintiff's Complaint as to the assessment but denies knowledge or information sufficient to the allegations contained in the remaining paragraph.

8.      After the application of all abatements, payments and credits, Albert C. Lindahl remains indebted to the United States of America fro unpaid taxes, penalties and interest in the total amount of $58,710.02, plus interest and other statutory additions from December 31, 2011.

**Response:**   Denies knowledge or information sufficient to forma a belief as to the allegations contained in Paragraph marked or numbered "8" of Plaintiff's Complaint.

**WHEREFORE,** Defendant, Albert C. Lindahl, respectfully requests judgment dismissing Plaintiff's Complaint in its entirety together with costs, disbursements and attorneys fees of this action, and such other and further relief as to this Court may seem just and proper.

DATED: Bay Shore, New York
          February 16, 2012                    /s/ Harold Seligman
                                               HAROLD SELIGMAN
                                               LONG TUMINELLO BESSO SELIGMAN
                                               WERNER & SULLIVAN, LLP
                                               Attorneys for Defendant
                                               120 Fourth Ave.
                                               Bay Shore, NY 11706
                                               (631) 666-2500

To    United States Attorney
        Attn: Sara A. Mayhew, Esq.
        US Dept of Justice
        PO Box 55
        Ben Franklin Station
        Washington, DC 20044